UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIKE MITSCH AND
TERESA MITSCH,

    Plaintiffs,

v.                                                 CASE NO: 2:23-cv-00381-JES-KCD

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Defendant.
_____/

## AMENDED COMPLAINT

**COMES NOW** the Plaintiffs, MIKE MITSCH AND TERESA MITSCH, by and through the undersigned counsel and hereby files this Complaint against the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, and as grounds therefore states as follows:

1. That this is an action for damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, attorney fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. That at all times material hereto the Defendant was an insurance company authorized to do business in the State of Florida and doing business in LEE County, Florida.

3. That at all times material hereto Plaintiff was and is a resident of LEE County, Florida, and is otherwise sui juris.

4. That at all times material hereto, Defendant issued a policy of insurance, Policy No. H32-251-638975-7026 on Plaintiff's residence located 4106 SW 22nd Ct., Cape Coral, FL 33914 ("Property"), which afforded various types of coverages including coverage for damage

to dwelling, other structures, personal property, and for loss of use. A copy of the Policy is not in Plaintiff's possession but is incorporated herein by reference.

5. On or about 9/28/2022, the Property was damaged as the result of Hurricane Ian.

6. Defendant was given notice of the loss and assigned Claim Number 051076104 ("Claim").

7. Defendant inspected the Property and found damages covered under the Policy.

8. However, the repair estimate prepared by Defendant's adjuster undervalued the amount of the claim.

9. Plaintiff put Defendant on notice of the dispute by providing a repair estimate.

10. Plaintiff then complied with Florida Statute §627.70152 and placed Defendant on notice of its intention to initiate litigation.

11. The deadline to respond as prescribed by Florida Statute §627.70152 expired prior to the initiation of this litigation. See Fla. Stat. §627.70152 (2021).

12. Plaintiff has furnished the Defendant with notice of the loss, proof of claim and has otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes, but the Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claims.

13. As a result of this incident, Plaintiff has suffered damage to the building on the subject property, damage to contents, and loss of use of the property and possessions therein.

**COUNT I – BREACH OF CONTRACT**

Plaintiff readopts and realleges Paragraphs 1 through 13 above as if fully stated herein, and further alleges as follows:

14. That the Defendant's refusal to pay the full amount of the claim was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance.

15. The Plaintiff has been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein.

16. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claim, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and Plaintiff has become obliged to pay them a reasonable fee for their services in bringing this action.

17. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428, 626.9373 or other Florida law.

WHEREFORE, the Plaintiff, MIKE MITSCH AND TERESA MITSCH, demands judgment against the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, for damages including but not limited to damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney fees and costs pursuant to Florida Statute Section 627.428, 626.9373, 627.70152 and/or any other Florida law, and the Plaintiff demands trial by jury of all issues triable as a matter of right by jury.

Dated: June 5, 2023

                                                  Respectfully Submitted,

By: /s/ Jeremy T. Schilling
AARON D. SILVERS, ESQ.
Florida Bar No: 104811
JEREMY T. SCHILLING, ESQ.
Florida Bar No: 0098111

Schilling & Silvers PLLC  
1700 NW 64th St., Suite 460  
Fort Lauderdale, FL 33309  
T: 954-712-8877  
F: 954-824-2201  
Email: jschilling@schillingsilvers.com  
dadams@schillingsilvers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to:
Matthew J. Lavisky, Esquire
Butler, Weihmuller, Katz, Craig LLP
400 N. Ashley Drive, Suite 2300,
Tampa, Florida 33602 mlavisky@butler.legal hmosher@butler.legal
Counsel for Defendant

by email on June 5, 2023.

*/s/ Jeremy T. Schilling*
Jeremy T. Schilling, ESQ.